**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Jennifer | P | Nightingale |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | | |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the Western District of Pennsylvania

Case number ___22-22158___
(if known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____

_____

# Western District of Pennsylvania
# Chapter 13 Plan Dated: NOVEMBER 30, 2022

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable. The terms of this plan control unless otherwise ordered by the court.

In the following notice to creditors, you must check each box that applies.

**To Creditors:** *YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED.*

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

*IF YOU OPPOSE THIS PLAN'S TREATMENT OF YOUR CLAIM OR ANY PROVISION OF THIS PLAN, YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST SEVEN (7) DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING, UNLESS OTHERWISE ORDERED BY THE COURT. THE COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION TO CONFIRMATION IS FILED. SEE BANKRUPTCY RULE 3015. IN ADDITION, YOU MAY NEED TO FILE A TIMELY PROOF OF CLAIM IN ORDER TO BE PAID UNDER ANY PLAN.*

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If the "Included" box is unchecked or both boxes are checked on each line, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of any claim or arrearages set out in Part 3, which may result in a partial payment or no payment to the secured creditor (a separate action will be required to effectuate such limit) | ☐ Included | ✖ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 (a separate action will be required to effectuate such limit) | ☐ Included | ✖ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 9 | Included | ✖ Not Included |

## Part 2:

**2.1 Debtor(s) will make regular payments to the trustee:**

Total amount of $2415.00 per month for a total plan term of 60 months shall be paid to the trustee from future earnings as follows:

| Payments | By Income Attachment | Directly by Debtor | By Automated Bank Transfer |
|---|---|---|---|
| D#1 | $ | $ | $2415.00 |
| D#2 | $ | $ | $ |

(Income attachments must be used by debtors having attachable income)    (SSA direct deposit recipients only)

Debtor(s)                                                                              Case Number:

**2.2  Additional payments:**

☐  **Unpaid Filing Fees.** The balance  of $_____ shall be fully paid by the Trustee to the Clerk of the Bankruptcy Court from  the first available funds.

Check one.

☒ **None.** If "None" is checked, the rest of Section 2.2 need not be completed or reproduced.

☐  The debtor(s) will make additional  payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____

_____

**2.3  The total amount to be paid into the plan (plan base) shall be computed by the trustee based on the total amount of plan payments plus any additional sources of plan funding described above.**

| Part 3: | Treatment of Secured Claims |
|---|---|

**3.1  Maintenance of payments and cure of default, if any, on Long-Term Continuing Debts.**

Check one.

☐  **None.** If "None" is checked, the rest of Section 3.1 need not be completed or reproduced.

☒  The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed by the trustee. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, without interest. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.  If monthly payment changes exist state the amounts and effective dates of the changes.

| Name of creditor and redacted account number | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Effective date |
|---|---|---|---|---|
| Midland Mortgage Acct ending in 2708 | Residence at 2756 Drake Court, Gibsonia, PA  15044 | $890.00 | $0.00 | 11/22 |
| U.S. Dept of Housing & Developmt. Acct ending in 8493 | Residence at 2756 Drake Court, Gibsonia, Pa  15044 | $100.00 | $0.00 | 11/22 |

Insert additional claims as needed.

**3.2  Request for valuation of security, payment of fully secured claims, and/or modification of undersecured claims.**

Check one.

☒ **None.** If "None" is checked, the rest of Section 3.2 need not be completed or reproduced.

☐  Fully paid at contract terms with no modification

| Name of Creditor and Redacted account number | Collateral | Amount of Secured Claim | Interest Rate | Monthly payment to Creditor |
|---|---|---|---|---|
| | | | | |

☐ **Fully paid at modified terms**

| Name of Creditor and Redacted account number | Collateral | Amount of Secured Claim | Interest Rate | Monthly payment to Creditor |
|---|---|---|---|---|
| | | | | |

***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked***

☐ The debtor(s) will request, ***by filing a separate motion pursuant to Rule 3012***, that the court determine the value of the secured claims listed below.

For each secured claim listed below, the debtor(s) state that the value of the secured claims should be as set out in the column headed *Amount of secured claim*. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 (provided that an appropriate order of court is obtained through a motion pursuant to Rule 3012).

| Name of creditor and Redacted account number | Estimated amt of creditor's total claim (See Para. 8.7 below) | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|---|---|---|
| _____ | _____ | | _____ | _____ | _____ | ____ | _____ |
| _____ | _____ | | _____ | _____ | _____ | ____ | _____ |

**3.3  Secured claims excluded from 11 U.S.C. § 506.**

Check one.

☒ **None.** If "None" is checked, the rest of Section 3.3 need not be completed or reproduced.

☐ The claims listed below were either:

(1)  Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for personal use of the debtor(s), or

(2)  Incurred within one (1) year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

| Name of creditor and redacted account number | Collateral | Amount of claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|
| _____ | | $ _____ | ____ % | $ _____ |

Insert additional claims as needed.

**3.4  Lien Avoidance.**

Check one.

☒ **None.** If "None" is checked, the rest of Section 3.4 need not be completed or reproduced. ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☐ The judicial liens or nonpossessory, nonpurchase-money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). The debtor(s) will request, ***by filing a separate motion***, that the court order the avoidance of a judicial lien or security interest securing a claim listed below to the extent that it impairs such exemptions. The amount, if any, of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

| Name of creditor and redacted account number | Collateral | Modified principal balance* | Interest rate | Monthly payment or pro rata |
|---|---|---|---|---|
| | | $ _____ | ____ % | $ _____ |

Insert additional claims as needed.

*If the lien will be wholly avoided, insert $0 for Modified principal balance.

### 3.5 Surrender of Collateral.

Check one.

**✖ None.** If "None" is checked, the rest of Section 3.5 need not be completed or reproduced.

☐ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon final confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5.

| Name of creditor and redacted account number | Collateral |
|---|---|
|  |  |

Insert additional claims as needed.

### 3.6 Secured tax claims.

| Name of taxing authority | Total amount of claim | Type of tax | Interest rate* | Identifying number(s) if collateral is real estate | Tax periods |
|---|---|---|---|---|---|
| IRS | $55,000.00 | Federal Tax Lien |  |  | 2018 |

* The secured tax claims of the Internal Revenue Service, Commonwealth of Pennsylvania, and any other tax claimants shall bear interest at the statutory rate in effect as of the date of confirmation.

## Part 4:    Treatment of Fees and Priority Claims

### 4.1 General.

Trustee's fees and all allowed priority claims, including Domestic Support Obligations other than those treated in Section 4.5, will be paid in full without postpetition interest.

### 4.2 Trustee's fees.

Trustee's fees are governed by statute and may change during the course of the case. The trustee shall compute the trustee's percentage fees and publish the prevailing rates on the court's website for the prior five years. It is incumbent upon the debtor(s)' attorney or debtor (if *pro se)* and the trustee to monitor any change in the percentage fees to ensure that the plan is adequately funded.

### 4.3 Attorney's fees.

Attorney's fees are payable to M. Eisen & Associates, P.C. In addition to a retainer of $1000.00 ____(of which $500.00 was a payment to reimburse costs advanced and/or a no-look costs deposit) already paid by or on behalf of the debtor, the amount of $ 4500.00 is to be paid at the rate of $ 250.00 per month. Including any retainer paid, a total of $_____in fees and costs reimbursement has been approved by the court to date, based on a combination of the no-look fee and costs deposit and previously approved application(s) for compensation above the no-look fee. An additional $_____will be sought through a fee application to be filed and approved before any additional amount will be paid through the plan, and this plan contains sufficient funding to pay that additional amount, without diminishing the amounts required to be paid under this plan to holders of allowed unsecured claims.

☐ Check here if a no-look fee in the amount provided for in Local Bankruptcy Rule 9020-7(c) is being requested for services rendered to the debtor(s) through participation in the bankruptcy court's Loss Mitigation Program (do not include the no-look fee in the total amount of compensation requested, above).

### 4.4 Priority claims not treated elsewhere in Part 4.

**✖ None.** If "None" is checked, the rest of Section 4.4 need not be completed or reproduced.

| Name of creditor and redacted account number | Total amount of claim | Interest rate (0% if blank) | Statute providing priority status |
|---|---|---|---|
|  | $ | % |  |

Insert additional claims as needed.

Debtor(s)                                                                            Case Number

**4.5  Priority Domestic Support Obligations not assigned or owed to a governmental unit.**

Check one.

☒    **None.**  If "None" is checked, the rest of Section 4.5 need not be completed or reproduced.

If the debtor(s) is/are currently paying Domestic Support Obligations through existing state court order(s) and leaves this section blank, the debtor(s) expressly agrees to continue paying and remain current on all Domestic Support Obligations through existing state court orders.

☐    Check here if this payment is for prepetition arrearages only.

| Name of creditor (specify the actual payee,  e.g. PA SCDU) | Description | Claim | Monthly payment or pro rata |
|---|---|---|---|
| | | $ | $ |

Insert additional claims as needed.

**4.6  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount.**

Check one.

☒ **None.**  If "None" is checked, the rest of Section 4.6 need not be completed or reproduced.

☐    The allowed priority claims listed below are based on a Domestic Support Obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). This provision requires that payments in Section 2.1 be for a term of 60 months.  See 11 U.S.C. § 1322(a)(4).

| Name of creditor | Amount of claim to be paid |
|---|---|
| | $ |

Insert additional claims as needed.

**4.7  Priority unsecured tax claims paid in full.**

☒  **None.**  If "None" is checked, the rest of Section 4.7 need not be completed or reproduced.

| | | | | | |
|---|---|---|---|---|---|
| | | | $ | % | |
| Name of taxing authority | Total amount of claim | Type of tax | | Interest rate (0% if blank) | Tax periods |

Insert additional claims as needed.

**4.8  Postpetition utility monthly payments.**

**The provisions of Section 4.8 are available only if the utility provider has agreed to this treatment.** The charges for postpetition utility service are allowed as an administrative claim.   These payments comprise a single monthly combined payment for postpetition utility services, any postpetition delinquencies, and unpaid security deposits. The claim payment will not change for the life of the plan unless amended. Should the utility obtain a court order authorizing a payment change, the debtor(s) will be required to file an amended plan. These payments may not resolve all of the postpetition claims of the utility. Any unpaid postpetition utility claims will survive discharge and the utility may require additional funds from the debtor(s) after discharge.

| Name of creditor and redacted account number | Monthly  payment | Postpetition account number |
|---|---|---|
| | $ | |

Insert additional claims as needed.

Debtor(s)                                                                    Case Number

---

**Part 5:**   Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Debtor(s) *ESTIMATE(S)* that a total  of $ 20,000.00  will be available for distribution to nonpriority unsecured creditors.

Debtor(s) *ACKNOWLEDGE(S)* that a *MINIMUM*  of $_____shall be paid to nonpriority unsecured creditors to comply with    the liquidation alternative test for confirmation set forth in 11 U.S.C. § 1325(a)(4).

The total pool of funds estimated above is *NOT* the *MAXIMUM* amount payable to this class of creditors. Instead, the actual pool of funds available for payment to these creditors under the plan base will be determined only after audit of the plan at time of completion. The estimated percentage of payment to general unsecured    creditors is 15 %  The percentage of payment may change, based upon the  total amount of allowed claims. Late-filed claims will not be paid unless all timely filed claims have been paid in full. Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within thirty (30) days of filing the claim. Creditors not specifically identified elsewhere in this plan are included in this class.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

Check one.

☒ **None.** If "None" is checked, the rest of Section 5.2 need not be completed or reproduced.

☐ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed by the trustee. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee.

| Name of creditor and redacted account number | Current installment payment | Amount of arrearage to be paid on the claim | Estimated total payments by trustee | Payment beginning date (MM/YYYY) |
|---|---|---|---|---|
|  | $ | $ | $ |  |

Insert additional claims as needed.

**5.3 Other separately classified nonpriority unsecured claims.**

Check one.

☒ None. If "None" is checked, the rest of Section 5.3 need not be completed or reproduced.

☐ The allowed nonpriority unsecured claims listed below are separately classified and will be treated as follows:

| Name of creditor and redacted account number | Basis for separate classification and treatment | Amount of arrearage to be paid | Interest rate | Estimated total payments by trustee |
|---|---|---|---|---|
|  |  | $ | % | $ |

Insert additional claims as needed.

---

**Part 6:**   Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

Check one.

☒ **None.** If "None" is checked, the rest of Section 6.1 need not be completed or reproduced.

☐ **Assumed items. Current installment payments will be disbursed by the trustee. Arrearage payments will be disbursed by the trustee.**

| Name of creditor and redacted account number | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee | Payment beginning date (MM/YYYY) |
|---|---|---|---|---|---|
|  |  | $ | $ | $ |  |



Debtor(s)                                                                                    Case Number
Insert additional claims as needed.

## Part 7:

**7.1 Property of the estate shall not re-vest in the debtor(s) until the debtor(s) have completed all payments under the confirmed plan.**

## Part 8:

**8.1** This is the voluntary chapter 13 reorganization plan of the debtor(s). The debtor(s) understand and agree(s) that the chapter 13 plan may be extended as necessary by the trustee (up to any period permitted by applicable law) to insure that the goals of the plan have been achieved. Notwithstanding any statement by the trustee's office concerning amounts needed to fund a plan, the adequacy of plan funding in order to meet the plan goals remains the sole responsibility of debtor(s) and debtor(s)' attorney. It shall be the responsibility of the debtor(s) and debtor(s)' attorney to monitor the plan to ensure that the plan remains adequately funded during its entire term.

**8.2** Prior to the meeting of creditors, the debtor(s) shall comply with the tax return filing requirements of 11 U.S.C § 1308 and provide the trustee with documentation of such compliance by the time of the meeting. Debtor(s)' attorney or debtor(s) (if *pro se*) shall provide the trustee with the information needed for the trustee to comply with the requirements of 11 U.S.C. § 1302 as to the notification to be given to Domestic Support Obligation creditors, and debtor(s)' attorney or debtor(s) (if *pro se*) shall provide the trustee with the calculations relied upon to determine the debtor(s)' current monthly income and disposable income.

**8.3** The debtor(s) shall have a duty to inform the trustee of any assets acquired while the chapter 13 case is pending, such as insurance proceeds, recovery on any lawsuit or claims for personal injury or property damage, lottery winnings, or inheritances. The debtor(s) must obtain prior court approval before entering into any postpetition financing or borrowing of any kind, and before selling any assets.

**8.4** Unless otherwise stated in this plan or permitted by a court order, all claims or debts provided for by the plan to receive a distribution shall be paid by and through the trustee.

**8.5** Percentage fees to the trustee are paid on receipts of plan payments at the rate fixed by the United States Trustee.  The trustee has the discretion to adjust, interpret, and implement the distribution schedule to carry out the plan, provided that, to the extent the trustee seeks a material modification of this plan or its contemplated distribution schedule, the trustee must seek and obtain prior authorization of the court. The trustee shall follow this standard plan form sequence unless otherwise ordered by the court:

Level   One:   Unpaid filing fees.
Level   Two:   Secured claims and lease payments entitled to 11 U.S.C. § 1326(a)(1)(C) pre-confirmation adequate protection payments.
Level Three: Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees, and postpetition utility claims.
Level   Four:   Priority Domestic Support Obligations.
Level   Five:   Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears.
Level   Six:   All remaining secured, priority and specially classified claims, and miscellaneous secured arrears.
Level Seven:   Allowed nonpriority unsecured claims.
Level   Eight:   Untimely filed nonpriority unsecured claims for which an objection has not been filed.

**8.6** As a condition to the debtor(s)' eligibility to receive a discharge upon successful completion of the plan, debtor(s)' attorney or debtor(s) (if *pro se*) shall file Local Bankruptcy Form 24 (Debtor's Certification of Discharge Eligibility) with the court within forty-five (45) days after making the final plan payment.

**8.7** The provisions for payment to secured, priority, and specially classified unsecured creditors in this plan shall constitute claims in accordance with Bankruptcy Rule 3004. Proofs of claim by the trustee will not be required. In the absence of a contrary timely filed proof of claim, the amounts stated in the plan for each claim are controlling. The clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim.  Unless  otherwise ordered by the court, if a  secured, priority,  or specially classified creditor timely  files its own claim, then the creditor's claim shall govern, provided the debtor(s) and debtor(s)' attorney have been given notice and an opportunity to object. The trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.

**8.8** Any creditor whose secured claim is not modified by this plan and subsequent order of court shall retain its lien.

**8.9** Any creditor whose secured claim is modified or whose lien is reduced by the plan shall retain its lien until the underlying debt is discharged under 11 U.S.C. § 1328 or until it has been paid the full amount to which it is entitled under applicable nonbankruptcy law, whichever occurs earlier. Upon payment in accordance with these terms and entry of a discharge order, the modified lien will terminate and be released. The creditor shall promptly cause all mortgages, liens, and security interests encumbering the collateral to be satisfied, discharged, and released.

**8.10** The provisions of Sections 8.8 and 8.9 will also apply to allowed secured, priority, and specially classified unsecured claims filed after the bar date.  *LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' ATTORNEY OR DEBTOR(S) (IF PRO SE) WILL NOT BE PAID.* The responsibility for reviewing the claims and objecting where appropriate is placed upon the debtor(s).

**Part 9:**

**9.1 Check "None" or List Nonstandard Plan Provisions.**

☒ **None.** If "None" is checked, the rest of part 9 need not be completed or reproduced.

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if the applicable box in Part 1 is checked. Any provision set forth herein is subject to court approval after notice and a hearing upon the filing of an appropriate motion.*

**Part 10:**

**10.1 Signatures of Debtor(s) and Debtor(s)' Attorney.**

If the debtor(s) do not have an attorney, the debtor(s) must sign below; otherwise the debtor(s)' signatures are optional.  The attorney for the debtor(s), if any, must sign below.

By signing this plan the undersigned, as debtor(s)' attorney or the debtor(s) (if pro se), certify(ies) that I/we have reviewed any prior confirmed plan(s), order(s) confirming prior plan(s), proofs of claim filed with the court by creditors, and any orders of court affecting the amount(s) or treatment of any creditor claims, and except as modified herein, this proposed plan conforms to and is consistent with all such prior plans, orders, and claims. False certifications shall subject the signatories to sanctions under Bankruptcy Rule 9011.

*By filing this document, debtor(s)' attorney or debtor(s) (if pro se), also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in the standard chapter 13 plan form adopted for use by the United States Bankruptcy Court for the Western District of Pennsylvania, other than any nonstandard provisions included in Part 9. It is further acknowledged that any deviation from the standard plan form shall not become operative unless it is specifically identified as a "nonstandard" term and is approved by the court in a separate order.*

**X** /s/ Jennifer P. Nightingale

Signature of Debtor 1

**X**

Signature of Debtor 2

Executed  on  11/30/2022

MM/DD/YYYY

Executed on

MM/DD/YYYY

**X**  /s/ Michael C. Eisen

Signature of debtor(s)' attorney

Date  11/30/2022

MM/DD/YYYY

United States Bankruptcy Court

Western District of Pennsylvania

In re:                                                                                                  Case No. 22-22158-GLT

Jennifer P. Nightingale                                                                           Chapter 13
     Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-2                                      User: auto                                      Page 1 of 3
Date Rcvd: Dec 01, 2022                            Form ID: pdf900                           Total Noticed: 44

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 03, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Jennifer P. Nightingale, 2756 Drake Court, Gibsonia, PA 15044-8374 |
| 15543100 | + | Advantage Credit Counseling Service, River Park Commons, 2403 Sidney Street, Ste 400, Pittsburgh, PA 15203-2181 |
| 15543110 | + | District Justice Tom Swan, Mag. Dist. No. 05-3-04, 2060 Saxonburg Blvd, Gibsonia, PA 15044-7953 |
| 15543119 | + | Mychal Rutkowski, Esq., Patenaude & Felix A.P.C., 2400 Ansys Drive, Ste 402-B, Canonsburg, PA 15317-0403 |
| 15543125 | + | Radius Global Solutions LLC, 500 North Franklin Turnpike, Ste 315, Mail Code 747, Ramsey, NJ 07446-1177 |

TOTAL: 5

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/Text: jdryer@bernsteinlaw.com | Dec 02 2022 00:18:00 | Duquesne Light Company, c/o Bernstein-Burkley, P.C., 601 Grant Street, 9th Floor, Pittsburgh, PA 15219-4430 |
| cr | + | Email/PDF: rmscedi@recoverycorp.com | Dec 02 2022 00:22:36 | PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 15543101 | + | Email/PDF: bncnotices@becket-lee.com | Dec 02 2022 00:22:23 | American Express, PO Box 981537, El Paso, TX 79998-1537 |
| 15543102 | + | Email/Text: bnc-applied@quantum3group.com | Dec 02 2022 00:18:00 | Applied Bank, PO Box 70165, Philadelphia, PA 19176-0165 |
| 15543132 | | Email/Text: cfcbackoffice@contfinco.com | Dec 02 2022 00:18:00 | TBOM/Continental Finance, 4550 New Linden Hill Road, #400, Wilmington, DE 19808 |
| 15543103 | + | Email/PDF: AIS.cocard.ebn@aisinfo.com | Dec 02 2022 00:22:36 | Capital One, PO Box 30285, Salt Lake City, UT 84130-0285 |
| 15548550 | | Email/PDF: AIS.cocard.ebn@aisinfo.com | Dec 02 2022 00:22:21 | Capital One N.A., by American InfoSource as agent, PO Box 71083, Charlotte, NC 28272-1083 |
| 15550291 | | Email/Text: bnc-quantum@quantum3group.com | Dec 02 2022 00:18:00 | Citibank, N.A., c/o Quantum3 Group LLC, PO Box 280, Kirkland, WA 98083-0280 |
| 15543104 | + | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM | Dec 02 2022 00:18:00 | Comenity Bank/DSW Visa, PO Box 182789, Columbus, OH 43218-2789 |
| 15543105 | + | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM | Dec 02 2022 00:18:00 | Comenity Bank/Pier 1, Attn: Bankruptcy Dept, PO Box 182125, Columbus, OH 43218-2125 |
| 15543106 | + | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM | Dec 02 2022 00:18:00 | Comenity Bank/Victorias Secret, Bankruptcy Department, PO Box 182125, Columbus, OH 43218-2125 |
| 15543107 | + | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM | Dec 02 2022 00:18:00 | Comenity Bank/Wayfair, PO Box 182789, Columbus, OH 43218-2789 |
| 15543108 | + | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM | Dec 02 2022 00:18:00 | Comenity Bank/Williams Sonoma, PO Box 182789, Columbus, OH 43218-2789 |
| 15551270 | + | Email/Text: clientservices@credit-control.com | | |

District/off: 0315-2                          User: auto                                                    Page 2 of 3
Date Rcvd: Dec 01, 2022                       Form ID: pdf900                                     Total Noticed: 44

|  |  | Dec 02 2022 00:18:00 | Credit Control LLC, 5757 Phantom Drive, Ste 330, Hazelwood, MO 63042-2429 |
| 15551271 |  | Email/Text: mrdiscen@discover.com | |
|  |  | Dec 02 2022 00:18:00 | Discover, PO Box 30943, Salt Lake City, UT 84130 |
| 15543112 | + | Email/Text: sbse.cio.bnc.mail@irs.gov | |
|  |  | Dec 02 2022 00:18:00 | IRS, PO Box 7346, Philadelphia, PA 19101-7346 |
| 15543113 | + | Email/PDF: Citi.BNC.Correspondence@citi.com | |
|  |  | Dec 02 2022 00:22:36 | Macy's/DSNB, PO Box 6789, Sioux Falls, SD 57117-6789 |
| 15543114 | + | Email/Text: bankruptcydpt@mcmcg.com | |
|  |  | Dec 02 2022 00:18:00 | Midland Credit Management Inc., PO Box 301030, Los Angeles, CA 90030-1030 |
| 15543115 | + | Email/PDF: ais.midfirst.ebn@aisinfo.com | |
|  |  | Dec 02 2022 00:22:01 | Midland Mortgage, PO Box 26648, Oklahoma City, OK 73126-0648 |
| 15543116 | + | Email/PDF: ais.midfirst.ebn@aisinfo.com | |
|  |  | Dec 02 2022 00:22:36 | Midland Mortgage/Midfirst, 999 NW Grand Blvd, Oklahoma City, OK 73118-6051 |
| 15543117 | + | Email/Text: bankruptcy@sccompanies.com | |
|  |  | Dec 02 2022 00:18:00 | Midnight Velvet, 1112 7th Ave, Monroe, WI 53566-1364 |
| 15543118 | + | Email/Text: bankruptcy@sccompanies.com | |
|  |  | Dec 02 2022 00:18:00 | Monroe and Main, 1112 7th Ave, Monroe, WI 53566-1364 |
| 15543120 | + | Email/Text: bnc@nordstrom.com | |
|  |  | Dec 02 2022 00:18:37 | Nordstrom/TD Bank USA, 13531 E. Caley Ave, Englewood, CO 80111-6504 |
| 15543122 | + | Email/Text: bncnotifications@pheaa.org | |
|  |  | Dec 02 2022 00:18:00 | PHEAA, PO Box 60610, Harrisburg, PA 17106-0610 |
| 15543123 |  | Email/Text: Bankruptcy.Notices@pnc.com | |
|  |  | Dec 02 2022 00:18:00 | PNC Bank, PO Box 5570, Cleveland, OH 44101 |
| 15543124 |  | Email/Text: Bankruptcy.Notices@pnc.com | |
|  |  | Dec 02 2022 00:18:00 | PNC Bank, PO Box 5580, Cleveland, OH 44101 |
| 15543121 | + | Email/Text: RVSVCBICNOTICE1@state.pa.us | |
|  |  | Dec 02 2022 00:18:00 | Pennsylvania Department of Revenue, Bankruptcy Division, PO Box 280946, Harrisburg, PA 17128-0946 |
| 15543127 | + | Email/PDF: clerical@simmassociates.com | |
|  |  | Dec 02 2022 00:22:36 | SIMM Associates, Inc., PO Box 7526, Newark, DE 19714-7526 |
| 15543128 | + | Email/PDF: gecsedi@recoverycorp.com | |
|  |  | Dec 02 2022 00:22:36 | SYNCB/Belk, PO Box 965028, Orlando, FL 32896-5028 |
| 15543129 | + | Email/PDF: gecsedi@recoverycorp.com | |
|  |  | Dec 02 2022 00:22:22 | SYNCB/Gap, PO Box 965005, Orlando, FL 32896-5005 |
| 15543130 | + | Email/PDF: gecsedi@recoverycorp.com | |
|  |  | Dec 02 2022 00:22:02 | SYNCB/PPC, PO Box 965005, Orlando, FL 32896-5005 |
| 15543131 | + | Email/PDF: gecsedi@recoverycorp.com | |
|  |  | Dec 02 2022 00:22:02 | SYNCB/PPMC, PO Box 965005, Orlando, FL 32896-5005 |
| 15543126 | + | Email/Text: bankruptcy@sccompanies.com | |
|  |  | Dec 02 2022 00:18:00 | Seventh Ave, 1112 7th Ave, Monroe, WI 53566-1364 |
| 15543291 | + | Email/PDF: gecsedi@recoverycorp.com | |
|  |  | Dec 02 2022 00:22:00 | Synchrony Bank, c/o of PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 15543133 | + | Email/Text: bncmail@w-legal.com | |
|  |  | Dec 02 2022 00:18:00 | TD Bank/Target Credit, PO Box 673, Minneapolis, MN 55440-0673 |
| 15543134 | + | Email/Text: bankruptcy@sccompanies.com | |
|  |  | Dec 02 2022 00:18:00 | Through the Country Door, Attn: Bankruptcy Dept, PO Box 2830, Monroe, WI 53566-8030 |
| 15551273 | ^ | MEBN | |
|  |  | Dec 02 2022 00:12:08 | UPMC Health Services, PO Box 371472, Pittsburgh, PA 15250-7472 |
| 15543111 |  | Email/Text: RPSBankruptcyBNCNotification@usbank.com | |
|  |  | Dec 02 2022 00:18:00 | Elan Financial Services, PO Box 108, Saint Louis, MO 63166 |
| 15543623 |  | Email/PDF: OGCRegionIIIBankruptcy@hud.gov | |
|  |  | Dec 02 2022 00:22:35 | U.S. Department of Housing and Urban |

District/off: 0315-2                                    User: auto                                         Page 3 of 3
Date Rcvd: Dec 01, 2022                                Form ID: pdf900                                  Total Noticed: 44

Development, 100 Penn Square East, 11th Floor,
Philadelphia, PA 19107-3380

TOTAL: 39

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | MIDFIRST BANK |
| 15543109 | | Credit Control LLC |
| 15543552 | * | Pennsylvania Department of Revenue, Bankruptcy Division PO Box 280946, Harrisburg, Pa. 17128-0946 |
| 15551272 | *+ | U.S. Dept of Housing & Urban Development, 100 Penn Square East, 11th Floor, Philadelphia, PA 19107-3325 |

TOTAL: 2 Undeliverable, 2 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 03, 2022                          Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 30, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Brian Nicholas | on behalf of Creditor MIDFIRST BANK bnicholas@kmllawgroup.com |
| Keri P. Ebeck | on behalf of Creditor Duquesne Light Company kebeck@bernsteinlaw.com  jbluemle@bernsteinlaw.com |
| Michael C. Eisen | on behalf of Debtor Jennifer P. Nightingale attorneyeisen@yahoo.com  aarin96@hotmail.com |
| Office of the United States Trustee | ustpregion03.pi.ecf@usdoj.gov |
| Ronda J. Winnecour | cmecf@chapter13trusteewdpa.com |

TOTAL: 5