Case 22-22158-GLT    Doc 51    Filed 03/14/24    Entered 03/14/24 11:31:06    Desc Main
Document    Page 1 of 1
FILED
3/14/24 10:18 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: : | Case No.: | 22-22158-GLT |
| : | Chapter: | 13 |
| Jennifer P. Nightingale : | | |
| : | | |
| : | Date: | 3/13/2024 |
| *Debtor(s).* : | Time: | 10:00 |

## PROCEEDING MEMO

**MATTER:**   #45 - Application to Employ James B. Lieber, Esquire as Special Counsel
#47 - Response filed by Trustee

**APPEARANCES**:
Debtor:   Michael C. Eisen, James Lieber (Special Counsel)
Trustee:   Owen Katz

**NOTES:**   [10:09]

Eisen: Debtor has health difficulties that her job is not accommodating. Been forced to take unpaid FMLA leave which is why she is struggling to make payments. Understands that motion to employ that is tardy - employed pre-petition. Does not believe that the Debtor was trying to hide claim or the retention of special counsel. Unlikely to get financial recovery for job.

Court: Concern that the Debtor did not disclose claim or engagement with counsel when working with Attorney Eisen to file bankruptcy. Need to get information from Attorney Lieber, so will continue on with the docket and circle back.

[Pause 10:21]
[Restart 10:56]

Lieber: Debtor required to use unpaid FMLA leave to accommodate her illness and hurting her income. Did not know there was an active bankruptcy until the past month or so. Knew there was one before, but thought it had completed. Billing the Debtor at half rate. Owes approximately $4,000. Recovery is likely accommodations to continue her work, and possibly a bonus, but not a monetary settlement unless she leaves the university.

Katz: Unclear on next steps.

Lieber: Next EEOC hearing is not yet scheduled. Expected sometime in the next 2-3 months. Will not issue anything definitive until months after that hearing. Options are: (1) right to sue letter, (2) EEOC could enter the case, or (3) EEOC could say Debtor has reasonable cause for discrimination. Between now and the hearing, expect to incur additional 5-10 hours. If go to court, need a new fee agreement.

Court: Worried about financial ramifications of this all being drawn out.

Katz: Do not want to prevent Debtor from pursuing action. Requests reduce special counsel rate in application by half, and require status reports from special counsel (after EEOC meeting and after EEOC decision).

**OUTCOME:**

1) For the reasons stated on the record, the *Debtor's Motion to Approve Employment of Special Counsel* [Dkt. No. 45] is APPROVED subject to conditions. [Chambers to prepare].

**DATED:** 3/13/2024